Good morning, Your Honors. My name is Tanya Moore, and I am here representing Ms. Alma Clarissa Hernandez, who is a plaintiff and appellant in this case. I will try to reserve three minutes for rebuttal. May it please the Court, in May of 2010, Ms. Hernandez could not enter Defendant's door in her wheelchair without falling off the sidewalk in front of the entrance. Because, as stated in this Court's decision, and I quote, the convenience door entrance had a noncompliant door landing in the form of a narrow slab of concrete. That's in the record on page 26. If the Court would like to look at the photograph, it's attached in the record as page 141 of that condition. The issue presented here on appeal is rather straightforward. Should Ms. Hernandez be denied recovery of provided under California Under Civil Rights Act damages for what happened that day because Defendant Polanco Enterprises, in response to her lawsuit and during the pendency of the lawsuit, widened the sidewalk? The district court answered What's at stake here? I mean, what's the damage claim? The damage claim is statutory damages of $4,000. Is that all that is in dispute at this point? That is it, Your Honor, yes. And only as to the size of the landing that she encountered, correct? That was the only barrier that Ms. Hernandez has encountered personally. She has not encountered any other barriers because she could not enter. Correct. The court, the district court said yes, that if ADA violation is rendered moot, then the violation cannot be used to support the UNRRA claim for damages. In fact, the district court made this finding not once but twice. The first time it was found in response to the motion for summary judgment. And when Ms. Hernandez attempted to bring the issue of damages in reserve and present it to the court at trial, the district court clarified its decision in the motion for summary judgment, basically stating unambiguously, plaintiff may not seek money damages for encountering barriers that have been remediated. Counsel, I have a question for you. Your opposing counsel makes a lot of the fact that there was this stipulation to dismiss. And I have to say, it was very confusing trying to figure out what actually happened in this case. I understand the issue you've presented, and I have some questions for opposing counsel. There's the Grove case and the Iden case. The legal issue I understand. But I'd like just some clarification on how we got there. There's the stipulation in this case, and who drafted the stipulation to dismiss? Was that a joint effort? Yes, it was. Because as I read that stipulation, and I'm referring to SCR2, where do they use claims? Claims from 11N are dismissed. What is your reading, your understanding from the stipulation, what claims are being dismissed? Is it the various legal theories? Is it the size? Is it the slope? What are we talking about? The only barrier that has not been remediated at that time under 11N was the slope of the landing. That was not even a barrier that Ms. Hernandez has encountered because obviously she could not use the landing. So by the time the court and the opposing counsel kind of generally referred to it as a landing barrier. However, the landing barrier has more than one barrier in it, and it could be the size and it could be the slope and it could be other issues. In terms of the size, the size was what the only barrier that Ms. Hernandez complained about and the one that she personally encountered. And so for you to prevail before us, if I'm correct, you have to convince us that the district court granted summary judgment on the size portion of the landing, correct? Correct. The record is clear on this. The district court has addressed this issue saying that the size of the landing is no longer an issue. And the only, all the other, the rest of the barriers that Ms. Hernandez has not personally encountered have also been addressed in one way or the other. So the only remaining issue that survived the motion for summary judgment and was stipulated in this stipulation that Your Honor referred to was the slope of the landing. So I'm with you all the way. I see why you say that. What puzzles me is why doesn't the stipulation simply say that we are dismissing 11N as it applies to the slope, the court granted summary judgment on 11N as to the size? Why, if it said that, then I don't think we would be in this kind of Alice in Wonderland situation that we're in right now as to what this all means. I wish it was more specific and it wasn't. However, if the record is taken as a whole and all the findings and the evidence that was presented in the stipulation, the statement of about the size of the landing. And the court referenced that as well in its findings. Now, as to the issue, and I don't want to gobble all my colleagues' time, but as to the Iden Grove issue is what I'll call it, about whether you can get unruh damages when the ADA issue has been remediated. Are you aware of any State law cases that would help us on this issue? Because I know we have some district court cases that you cited in your papers. Any other authority you can have point to us to resolve that issue? Which you, I understand, that's the core issue for you in this case. So if I understand you correctly, you're saying if there is a State law case that addresses the issue if the damages could still be awarded based on the ADA violation if it was subsequently remediated. Well, I would say that a very clear case on this would be Munson v. Del Taco. In Munson v. Del Taco, which is a Supreme Court case, dealt with a similar and very analogous facts and factual situation. Same thing happened there. The barriers were, the violations were mooted. The barriers were remediated. But presently existing barriers, existing at the time of the court's decision, the plaintiff still was entitled to the damages under Civil Rights Act. And in doing so, the court analyzed the application of the code sections, including California Civil Code Section 51F, which for the California Civil Rights Act and does not require, that's what the court found, there's no requirement of any intentional discrimination in that situation. So I think what is happening, the courts are looking at the injunctive relief being moot, but they're not using the same violation as a predicate for the damages claim under that code section. So your best case for state law would be the Munson case? Yes. Okay. I would also like to note that in this case, Polanco Enterprises never disputed specifically that Ms. Hernandez is entitled to the damages, because we believe that this determination was not supported by the state of the law. Both the district court and Polanco spent a lot of time on the issue of request for declaratory relief. Namely, Ms. Hernandez's request that the court make a determination, evidentiary determination, if the ADA violation as to the size of the landing entrance existed at the time Ms. Hernandez encountered it. Instead, but we are not appealing the issue of declaratory relief. We are only appealing district court determination that damages based on a mooted ADA claim are not available, or that Ms. Hernandez would have to show intentional discrimination. And we're not arguing that damages under California under a Civil Rights Act, if there is no ADA violation, require intentional discrimination and proof of intentional discrimination. However, here there was a violation of ADA, simply because it was remediated doesn't mean that it was not an ADA violation at the time Ms. Hernandez encountered it. So let's say we agree with you. We say, look, there was an ADA violation. It was remediated, but there was one. And the district court concluded that the unruly action loses because it's been remediated. Let's say we disagree with that. What's the next step in this case? What do we do? Well, the only other factor and the only other prong that has to be decided in the case is whether Ms. Hernandez suffered difficulty, discomfort, and embarrassment based on the ADA violation that she encountered. Because then, as a matter of law, she would be entitled to statutory damages of $4,000. But the district court did not address that issue, correct? The district court refused to address this issue. However, there is a stipulation in the record that Ms. Hernandez was prevented from entering the store because of the barrier. It's actually in the undisputed, and it was undisputed by the defendants. It's a fact number 13 in the record on page 106. Fact 13, undisputed by the defendant, said during her May 21, 2010 visit, two the gas station, Hernandez attempted to gain access to the convenience store to purchase something sweet but was unable to get inside because there was insufficient maneuvering space on the narrow sidewalk fronting the entrance for her to open the door and enter without her wheelchair falling off the sidewalk. And this was stipulated by the defendants, too. So if Ms. Hernandez was denied full access to the facility because of the ADA violation, it definitely meets the discomfort, embarrassment, or humiliation standard, the total denial of access. And if the Court does not have any further questions, I would like to save some time for the rebuttal. You may. Thank you. Thank you. Thank you. Good morning, Your Honors. May it please the Court? I'm Megan Childress. I represent the defendant in this case, Polanco Enterprises. I don't want to waste the Court's time kind of regurgitating what I've already presented in our opposing brief. I did want to address a couple issues that were raised in the reply brief, actually for the first time in this appeal. Make sure I understand your position. Why is it you believe that the claim for statutory damages is out of the case? Because of this Court's prior rulings, which have held that when a state law claim is entirely dependent on an ADA violation, that an ADA violation has to have been found, where the ADA barrier is removed, then the ADA barrier is also mooted. Well, you say based on this Court's decision. What decision? That's the... To be honest, I don't understand that. If the damage claim is based on an episode that occurred, how does fixing the problem later remove the fact that the damage had occurred? So I'm interested in the citation you're about to offer me. Well, the Oliver case is the case that says that where an ADA, where a barrier is removed, then the ADA claim is moot. Well, sure, because the ADA doesn't have damages. It provides for injunctive relief, and there's no longer a need for injunctive relief. That doesn't speak to the state law claim for damages. Right, but you can't get your damages on your state law claim until you first find that there was a state law violation. And it appears that finding was made, and your client fixed the problem afterwards. That doesn't mean there hadn't been a violation at the time the barrier was encountered. Well, there wasn't a finding that there was a violation. But there could be. I mean, your client doesn't seem likely to contest it. Your client realized there was a problem and removed the barrier. But that might be to be contested, but I'm not sure how fixing the problem later means the injury wasn't suffered in the first instance. And I don't think the Oliver case says that. It's not an ADA claim anymore. Granted, the ADA provides for injunctive relief, but the Unruh Act provides for damages, statutory damages. And why does that claim go away? Because that claim is dependent on there first being a finding of an ADA violation. And why can't there be a finding that there was an ADA violation at the time the barrier was encountered? Because when the — let me point you to another case, which was cited in our brief, where there's a — where if the court finds that the ADA claim is mooted, the court need not determine whether there was an actual violation. That doesn't — It doesn't need to for ADA purposes, but can for State law damages claim purposes. I mean, the fact that a problem is fixed doesn't mean that it didn't exist at the time the barrier was encountered by plaintiff. So I don't understand the logic of saying that claim is moot. Give me the logic, separate from the cases, which I haven't found to say what you're saying they're saying. What's the logic in saying the barrier that she encountered, for which she's entitled to a claim for statutory damages, the fact that it was removed later, how does that change the fact that she encountered it when she tried to enter the store? The logic is that the ADA only provides for injunctive relief and not damages. Fine. And it's assumed that the legislature intended that the — that the purpose of the ADA is to — and these restrictions is to have businesses actually remediating — Then why is there a provision for statutory damages? In the — Why isn't the UNRRA Act exactly parallel to the ADA in providing for injunctive relief? The UNRRA Act is different. It does provide for statutory damages. Correct, Your Honor. So what — what suggests the legislature meant to say, okay, we're providing for statutory damages, but your liability goes away if you later fix the problem? Isn't that what you're now advocating? That is what I'm advocating, because that has been — that's how these cases have been treated, and that has been the law that if — Well, that's not the case. Because the cases you've cited me don't speak to UNRRA Act damages. They speak to injunctive relief, and it's perfectly natural to say there's no longer a claim for injunctive relief if the problem's been fixed, but it doesn't explain why there's not a claim for statutory damages for having encountered the barrier in the first place. The way we get there is because the — if the state — if the ADA claim is found to be moot, the Court does not need to find — there's no finding that there was a violation of the ADA. And in order to get damages under the State law, there has to be a violation of the ADA. So if that — The date that the plaintiff tried to enter the store, are you arguing that your client was in compliance with the ADA? No. We concede that we are not in compliance with the ADA. It seems to me that's the basis for a finding that at that date the ADA was violated. Well, here, Your Honor, that finding could have been found — if we — had we gone to trial and had the plaintiff not dismissed her case, that finding could — Now we're on to alternative explanation number two. That is that you acknowledge that if they'd gone to trial, if the plaintiff had been permitted to go to trial, and the Court had concluded on that date there was an ADA violation, that plaintiff would be entitled to statutory damages. But, as suggested in your brief, plaintiff voluntarily dismissed that claim. Is that your position? Correct, Your Honor. I've got to tell you, I have a hard time seeing that. Because the district court failed to identify this as an issue for fact, or rather as an issue for trial. The trial at that point was limited to whether the fix was in compliance, not whether the condition at the time, at the date the plaintiff tried to enter the store, was in compliance. But the issue for trial, the sole issue for trial was whether there's 60-inch by 60-inch landing at the convenience store entrance, whether the plaintiff was entitled to injunctive relief on that issue. Under the ADA, you're not — you're looking at the here and now and prospectively. So if the — since you're only entitled to injunctive relief, the issue is whether the court should order that the landing needs to be remediated or further remediated. And that's the only claim left for injunctive relief. But what about the damages claim for the barrier that was removed? Did the district court identify that as a claim for trial? That was a — her State law claims, based on paragraph 11N, which included both the slope and the dimensions of the entrance landing, were left for trial. So both her ADA claims and her damages claims under UNRU were left for trial. Well, I look at what the district court said, and it seemed to speak in very broad terms, saying that the claims that were mooted were no longer around. And claims that were mooted included the size of the landing. It seemed to me the slope issue was the only thing left. Can you point me to anything that suggests that the size of the landing issue was considered alive at that point? Sure. On summary judgment, plaintiff requested that the court include within the language of paragraph N, which was proper 60-inch by 60-inch landings were not provided, that that included the slope issue as well, that by — even though the dimensions had been remediated, the landing was still not proper because the slope was off. So paragraph — plaintiff — the plaintiff was the one that demanded and the court agreed that by proper landing, that included the slope and the dimensions. Well, the slope issue was clearly still open. I agree with you there. Correct. But what tells us that the landing size issue is open? Because what I see the Court saying in its pretrial order number 1, when the plaintiff tried to bring back its argument that there had been a violation prior to remediation, the order says in its August 23 order, this court granted defendants motion for summary judgment with respect to the claims based on 38 remediated barriers. In doing so, the court dismissed plaintiff's claims based on those barriers. This dismissal expressly applied to plaintiff's state and — rather, federal and state claims. Plaintiff's attempts to revive the state claims is unavailing. It seems to me that the district court is closing the door and saying that door is shut with regard to a state claim with regard to the remediated barriers. Do you read that differently? That the court — it was saying that, and the only barrier that the plaintiff could have gotten — received damages for was a barrier that she personally encountered, and that was the landing barrier. So the 38 other claims that had been — that the judge granted defendant summary judgment on were not the landing barrier. Isn't the problem — the problem seems to be that that statement in the pretrial order is actually inconsistent with the — with the judge's actual finding in the August 23 order, which — which says explicitly 11N, alleging lack of, quote, proper 60-by-60 door landings, unquote, at the accessible entrance. The court denies both parties' motions for summary judgment. And then at the final sentence of that paragraph, with respect to the door landing, there's a tribal issue as to the slope of the landing. So you — you go to that. That's what you rely on, isn't it? And then you suggest that — that then you settled that or that was stipulated away in the — in the stipulation. But the pretrial order is somewhat inconsistent with that because it seems to split 11N into two parts, the slope and the — and the size of the opening. And that's what I think we're having a hard time dealing with. Can you point to me where it split in the pretrial order? Where she split the — Well, the — what — what — just the thing was just — Look at — look at ER-3 and 4 at ER-6. When — what I understood the judge to be — the district court to be addressing in its pretrial order, what was — was what appeared to both me and, I believe, the district court to be an attempt by the plaintiff to try to receive statutory damages under UNRU for the remediate — all of the other remediated barriers that were still not left for trial at that time. And although I think the judges — the district court's best argument or best way of addressing this would have said, you wouldn't be entitled to those — encounter them, and she — Well, there's no discussion of that in the order. But let's just focus on the one that was personally encountered. Right. Where does the district court say that claim is gone? The — And what explanation is given for the district court saying that claim is gone? The district court never said that those claims are gone. The district court in the MSJ order said that — Well, on ER-6, the order says, Plaintiff may not pursue any state or federal claim based on barriers that have been dismissed. Right. This is a barrier that's been remediated. Right. But the court hadn't found — with respect to the entrance landing barrier, which the court found included both the dimensions and the slope, the court denied both parties' summary judgments as to that barrier, because the court said that, I cannot find that this is a proper 60-inch by 60-inch landing because we have this issue regarding the slope. So both issues are still left for trial. The court did not — and it's clear from the court's MSJ order that the paragraph 11N was still left for trial. And the — But, counsel, I hate to jump in, but at ER-30, which is the very end of the district court's order on summary judgment, I'm looking at lines 10 and 11. The judge writes, With respect to the door landing, there is a tribal issue as to the slope of the landing. Not as to size and slope, just slope. So how can we say size and slope are still alive when here she says just slope? But in the — previously in the order, she had discussed that the entrance landing barrier, paragraph 11N, that allegation contained in the complaint, addresses both the 60-inch landing and the slope. Well, but that's in terms of notice to the parties. That's different as a summary judgment. When she's talking about 11N in that context, it's was Palonkawan notice that these two types of claims are alive? And the answer was she found yes. Then, as I read this, she's then saying, With respect to the door landing, the only thing left is the slope. Size has been remediated. Now, whether her legal analysis of the Unruh Act was correct is something we have to decide, but I don't see how you get around that sentence on page 30 of the excerpt to record. I think that the Court was saying in paragraph 3 of the order that the entire — the entire paragraph 11N is left for trial, and the reason is because there's still an issue regarding the slope. So I note for the Court that nowhere else in the order does the Court grant summary judgment on the dimensions of the landing entrance to defendant. So the ruling either had to be granted or denied, and it was denied. There's — or else there was no ruling made with respect to the — And I know you're almost out of time, but let's say you're right about that. Why would Ms. Hernandez agree in a joint stipulation to dismiss the only claim that we're here for today? I don't know. You think that they just totally blew it? I don't know if it was a mistake on their part. I don't know if it was an attempt to avoid going to trial and trying to get damages kind of through the back door by appealing this decision with a — you know, I don't know what — I really don't know. When I saw it and they presented the stipulation to me and asked me to sign it, I was completely perplexed. If the Court has no other questions, I will step down. Thank you. Thank you. Thank you. Thank you, Your Honors, for your time. And Judge Owens stated that the discussion about 10A being included in paragraph 11N was for the purposes of the notice, and that's exactly what the Court was analyzing when the court — when the district court decided that notice was provided, sufficient notice was provided. In terms of 11N, if you look at the complaint allegations, the paragraph 10 in 10A is the only element — the only paragraph in the complaint that states, this is the barrier that Ms. Hernandez personally encountered. All the allegations in paragraph 11 refer to barriers that were subsequently discovered in the discovery addressed by the experts, and the complaint was amended to include those. But nowhere in the complaint was ever — the plaintiff never alleged or argued that this — Is there anything in the record that suggests that your client's view was the damages claim was limited just to that one barrier? I mean, is this — I know you've said that in your briefing to this Court. Was that ever clear before? Yes, Your Honor. I mean, if — in the record on page 39, which is a pretrial statement that was prepared jointly by Ms. Hernandez and Polanco under damages, Hernandez states that she seeks also statutory minimum damages under California law for the barrier tissue, which she alleges prevented her full and equal access to the gas station that caused her difficulty, discomfort, and embarrassment, specifically that she could not enter the gas station convenience store because of the alleged barrier. There was no issue ever about the slope of — until after the remediation took place. And it was — what happened initially, there was a site inspection, and the expert found additional barriers, which were incorporated in the amended complaint under paragraph 11. After that happened, then Polanco addressed those violations, and in the process, there was a new barrier created, which was a slope of 11n. And that was the remaining issue that was dismissed. And with that, thank you, Your Honor. I'm out of time. Thank you for your time, and aloha. We thank both counsel for your helpful arguments. The case just argued is submitted. That concludes the argument calendar. We're adjourned.
judges: Clifton, Owens, Smith